UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

RAMON A. MENOSCAL
and other similarly situated individuals,

    Plaintiff(s),

v.

SOBE USA LLC,
d/b/a OCEANS 10,
a/k/a OCEAN'S TEN
and ANTHONY ARRIGHI, individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff RAMON A. MENOSCAL, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants SOBE USA LLC, d/b/a OCEANS 10, a/k/a OCEAN'S TEN, and ANTHONY ARRIGHI individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid half-time overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff RAMON A. MENOSCAL is a covered employee for purposes of the Act. The Plaintiff is a resident of Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant SOBE USA LLC, d/b/a OCEANS 10, a/k/a OCEAN'S TEN (hereinafter OCEAN'S TEN RESTAURANT, or Defendant) is a Florida corporation, having a place of business in Miami-Dade County, Florida, where Plaintiff worked. The defendant was engaged in interstate commerce. OCEAN'S TEN RESTAURANT

4. The individual Defendant ANTHONY ARRIGHI was and is now, the owner/partner/officer and operator of Defendant Corporation OCEAN'S TEN RESTAURANT. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff RAMON A. MENOSCAL as a collective action to recover from the Defendants overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 2017, (the "material time") without being properly compensated.

7. Defendant OCEAN'S TEN RESTAURANT is a restaurant and bar located at 960 Ocean DR, Miami Beach, FL 33134, where the Plaintiff worked.

8. Defendants OCEAN'S TEN RESTAURANT and ANTHONY ARRIGHI employed Plaintiff RAMON A. MENOSCAL approximately from December 04, 2016, to January

31, 2020, or more than 3 years. However, for FLSA's s purposes, Plaintiff's relevant period of employment is 150 weeks.

9. The Plaintiff was hired as a non-exempted full-time restaurant employee. The Plaintiff had duties as a dishwasher and kitchen cleaning employee. The Plaintiff was paid at the rate of $9.00 an hour. The Plaintiff's overtime rate was $13.50 an hour.

10. During his time of employment with Defendants, Plaintiff had a very regular schedule, Plaintiff worked 7 days per week. From Monday to Thursday Plaintiff worked approximately from 3:00 or 3:20 AM to 5:00 or 5:20 PM, (14 hours daily); From Friday to Sunday Plaintiff worked approximately from 4:00 or 4:20 AM to 5:00 or 5:20 PM (13 hours daily). The Plaintiff completed an average of 95 working hours every week. The Plaintiff was unable to take bonafide lunch periods.

11. While employed by the Defendants, the Plaintiff always worked more than 40 hours in a week period. The Plaintiff was paid for overtime hours at the correct rate, but he was not paid for all his overtime hours as required by law. Every week, Plaintiff had missing overtime hours.

12. Every week Manager Victor Hugo Davila prepared schedules. The official schedules showed certain clock-in and clock-out times for Plaintiff. However, Manager Victor Hugo Davila required Plaintiff to begin cleaning the kitchen at 3:00 and 4:00 AM. Consequently, the Plaintiff worked a minimum of 10 unpaid off-the-clock hours every week.

13. The Plaintiff clocked in and out, and the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. The Plaintiff was paid with checks and paystubs that did not show the number of days and the real number of overtime hours worked.

16. Approximately, in November 2019, Plaintiff working hours were reduced substantially.

17. On or about January 31, 2020, the Plaintiff was fired due to discriminatory reasons. The Plaintiff is in the process of filing his Charge of Discrimination with the Equal Employment Opportunity Commission, (EEOC).

18. The Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate of unpaid overtime hours, based on an average of 85 working hours weekly, with 40 hours paid at his regular rate, and 45 hours paid at the rate of time and a half, and 10 unpaid off-the-clock hours. These 10 off-the-clock hours constitute 10 unpaid overtime hours. The Plaintiff was paid a different number of overtime hours every week. After proper discovery, the Plaintiff will adjust his calculations.

19. Plaintiff RAMON A. MENOSCAL seeks to recover overtime wages for every hour in excess of 40 that he worked, liquidated damages, and any other relief as allowable by law.

20. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

21. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

22. Plaintiff RAMON A. MENOSCAL re-adopts every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. This cause of action is brought by Plaintiff RAMON A. MENOSCAL as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after March 2017, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

24. The Defendant OCEAN'S TEN RESTAURANT was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business operating as a tourist restaurant/bar and is engaged in interstate commerce. The Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto in excess of

$500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

25. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were produced for commerce and were moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

26. Defendants OCEAN'S TEN RESTAURANT and ANTHONY ARRIGHI employed Plaintiff RAMON A. MENOSCAL approximately from December 04, 2016, to January 31, 2020, or more than 3 years. However, for FLSA's s purposes, Plaintiff's relevant period of employment is 150 weeks.

27. The Plaintiff was hired as a non-exempted full-time restaurant employee. The Plaintiff had duties as a dishwasher and kitchen cleaning employee. The Plaintiff was paid at the rate of $9.00 an hour. The Plaintiff's overtime rate was $13.50 an hour.

28. During his time of employment with Defendants, Plaintiff had a very regular schedule, Plaintiff worked 7 days per week, an average of 95 hours weekly. The Plaintiff was unable to take bonafide lunch periods.

29. The Plaintiff always worked more than 40 hours in a week period. The Plaintiff was paid for overtime hours at the correct rate, but he was not paid for all his overtime hours as required by law. Every week, Plaintiff had missing overtime hours.

30. Every week Manager Victor Hugo Davila prepared schedules. The official schedules showed certain clock-in and clock-out times for Plaintiff. However, Manager Victor Hugo

Davila required Plaintiff to begin cleaning the kitchen at 3:00 and 4:00 PM. Consequently, the Plaintiff worked a minimum of 10 unpaid off-the-clock hours every week.

31. The Plaintiff clocked in and out, and the Defendants were able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

32. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. The Plaintiff was paid with checks and paystubs that did not show the number of days and the real number of overtime hours worked.

34. The Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate of unpaid overtime hours, based on an average of 85 working hours weekly, with 40 hours paid at the regular rate; 45 hours paid at the rate of time and a half; and 10 unpaid off-the-clock hours. These 10 off-the-clock hours constitute 10 unpaid overtime hours Plaintiff was paid a different number of overtime hours every week. After proper discovery, the Plaintiff will adjust his calculations.

35. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of the Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by the Plaintiff and other employees.

36. The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

37. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to

overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

38. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate. Plaintiff has deducted from the 150 relevant weeks, 13 weeks in which he did not work O/T hours.

   a. Total amount of alleged unpaid O/T wages:

   Eighteen Thousand Four Hundred Ninety-Five Dollars and 00/100 ($18,495.00)

   b. Calculation of such wages:

   Total weeks of employment: 164 weeks
   Total number of relevant weeks: 137 weeks
   Total hours worked: 95 hours weekly
   Total overtime hours: 55 O/T hours
   Total number of unpaid O/T hours: 10 off-the-clock hours
   Total number O/T paid: 45 O/T hours
   Regular rate: $9.00 an hour x 1.5=$13.50
   Overtime rate: $13.50 an hour

   $13.50 O/T rate x 10 O/T hours=$135.00 weekly x 137 weeks=$18,495.00

   c. Nature of wages (e.g. overtime or straight time):

   This amount represents unpaid overtime wages.

39. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

40. The Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

41. The Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. At the times mentioned, individual Defendant ANTHONY ARRIGHI was the owner/partner and manager of OCEAN'S TEN RESTAURANT. Defendant ANTHONY ARRIGHI was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of OCEAN'S TEN RESTAURANT in relation to its employees, including Plaintiff and others similarly situated. Defendant ANTHONY ARRIGHI had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly liable for the Plaintiff's damages.

43. Defendants OCEAN'S TEN RESTAURANT and ANTHONY ARRIGHI willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

44. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RAMON A. MENOSCAL and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff RAMON A. MENOSCAL and other similarly situated individuals and against the Defendants OCEAN'S TEN RESTAURANT and ANTHONY ARRIGHI based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.: and

B. Award Plaintiff RAMON A. MENOSCAL actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff RAMON A. MENOSCAL demands trial by a jury of all issues triable as of right by a jury.

Dated:  March 17, 2020

           Respectfully submitted,

           By:  **/s/ Zandro E. Palma**
           ZANDRO E. PALMA, P.A.
           Florida Bar No.: 0024031

9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*